(782 P.2d 1251)
No. 63,199

GENARO T. ZAPATA, *Appellant*, v. STATE OF KANSAS, *Appellee.*

Opinion filed December 1, 1989.

*Thomas Jacquinot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

No appearance by appellee.

Before ABBOTT, C.J., REES and BRISCOE, JJ.

REES, J.: This is a K.S.A. 60-1507 proceeding in which petitioner Genaro T. Zapata appeals from trial court denial of relief.

Zapata is in custody serving sentences imposed upon convictions on two aggravated assault (K.S.A. 21-3410) counts, three felony criminal damage to property (K.S.A. 21-3720 [Weeks]) counts, and one felony theft (K.S.A. 21-3701 [Weeks]) count. Zapata was convicted on the aggravated assault counts and the criminal damage to property counts on July 27, 1976, in case No. 30327, in the Shawnee County District Court, and on the theft count on August 26, 1976, in case No. 30328, in the Shawnee County District Court.

Upon imposition of the Habitual Criminal Act, Zapata was sentenced on October 7, 1976, to serve a term of 9 to 30 years

on each of the two aggravated assault convictions and a term of 3 to 15 years on each of the criminal damage to property convictions, with the five terms to be served consecutively. Also on October 7, 1976, Zapata was sentenced to serve a term of 3 to 10 years on the theft conviction, with that term to be served consecutive to the other five terms. Thus, Zapata is in custody serving a controlling term of 27 to 105 years on the aggravated assault and criminal damage to property convictions and a controlling term of 30 to 115 years on the six felony convictions.

Zapata now claims he is entitled to have his aggravated assault and criminal damage to property convictions and sentences vacated and set aside on the ground that the convictions are void for lack of jurisdiction. We agree.

In *State v. Bird*, 238 Kan. 160, 166-67, 708 P.2d 946 (1985), this is held:

"In a felony action, the indictment or information is the jurisdictional instrument upon which the accused stands trial. [Citation omitted.] *A conviction based upon an information which does not sufficiently charge the offense for which the accused is convicted is void.* Failure of an information to sufficiently state an offense is a fundamental defect which can be raised at any time, even on appeal. [Citations omitted.] *Sufficiency of the indictment or information is to be measured by whether it contains the elements of the offense intended to be charged* and sufficiently apprises the defendant of what he must be prepared to meet, and by whether it is specific enough to make a plea of double jeopardy possible. [Citation omitted.] Although the accused has the right to know the nature of the charges against him, the information need not set forth all the specific evidentiary facts relied on to sustain the charge. However, *if the allegations in an information fail to constitute an offense in the language or meaning of an applicable statute, the information is fatally defective.* [Citations omitted.]

"In this state, the sufficiency of the information is governed by the guidelines of K.S.A. 1984 Supp. 22-3201(2), which provides:

" 'The complaint, information or indictment shall be a plain and concise written *statement of the essential facts constituting the crime charged,* which complaint, information, or indictment, drawn in the language of the statute, shall be deemed sufficient.' " (Emphasis added.)

In sum, the information must allege each essential element of the offense charged, and a conviction based upon an information which fails to do so is void. *State v. Garcia*, 243 Kan. 662, 667, 763 P.2d 585 (1988); *State v. Micheaux*, 242 Kan. 192, 196, 747 P.2d 784 (1987).

Did the aggravated assault counts in the information upon which Zapata was tried allege each of the elements of that offense? The answer is "no."

The statutory definition of assault is "an intentional threat or attempt to do bodily harm to another coupled with apparent ability and resulting in immediate apprehension of bodily harm. No bodily contact is necessary." K.S.A. 21-3408.

The statutory definition of aggravated assault is expressed in these words:

"Aggravated assault is:
"(a) Unlawfully assaulting or striking at another with a deadly weapon; or

"(b) Committing assault by threatening or menacing another while disguised in any manner designed to conceal identity; or
"(c) Willfully and intentionally assaulting another with intent to commit any felony." K.S.A. 21-3410.

The first of the two aggravated assault counts upon which Zapata was tried and convicted was set forth in the information as follows:

"GENARO T. ZAPATA did . . . unlawfully, feloniously and willfully, assault another; to-wit: Judith L. Rodriquez, with a deadly weapon; to wit: a shotgun, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of Kansas."

The wording of the second of the two aggravated assault counts upon which Zapata was tried and convicted was identical except that one Willie J. Moore was the identified victim.

*State v. Slansky,* 239 Kan. 450, 452, 720 P.2d 1054 (1986), holds that, for an information to sufficiently charge aggravated assault, it must allege each of the elements of assault (K.S.A. 21-3408). The *Slansky* court found the apparent ability to do bodily harm element of assault to be an essential element of aggravated assault and, because that element was not included in the allegations of the charge, it was held that the information was jurisdictionally defective. Slansky's conviction was reversed. Accordingly, it would seem that, on the authority of *Slansky,* Zapata's aggravated assault convictions should be reversed because the pertinent counts of the information do not allege that Zapata acted with apparent ability to do bodily harm. But, that conclusion does not properly follow because of later case authority.

Less than a year after *Slansky* was filed, our Supreme Court filed *State v. Bishop*, 240 Kan. 647, 732 P.2d 765 (1987). There, an aggravated assault charge did not allege that the defendant had the apparent ability to do bodily harm, but it did allege that a shotgun was used by the defendant when he threatened or attempted to do bodily harm to the victim. The Supreme Court held that apparent ability to do bodily harm was obvious and sufficiently charged by the allegation that the defendant acted with a shotgun. 240 Kan. at 652. Thus, on the authority of *Bishop*, the aggravated assault charges here are not fatally flawed by lack of allegation that Zapata had apparent ability to do bodily harm. Under *Bishop*, the allegation that Zapata acted with a shotgun is sufficient to charge that he acted with apparent ability to do bodily harm.

By the inclusion of the elements of assault as elements of aggravated assault, the alleged victim's immediate apprehension of bodily harm is an element of aggravated assault. The aggravated assault counts here fail to allege that the alleged victims were put in immediate apprehension of bodily harm by Zapata's conduct. That deficiency in the allegations fatally flaws the aggravated assault counts set forth in the information here and renders Zapata's two aggravated assault convictions void. That shortcoming and result is consistent with our decision in the analogous case of *State v. Duncan*, 3 Kan. App. 2d 271, 593 P.2d 427 (1979).

In *Duncan*, one of the subjects addressed was the sufficiency of the evidence to support convictions for aggravated assault on a law enforcement officer (K.S.A. 21-3411). We held that the convictions could not stand. The evidence failed to establish that the defendant's conduct placed the alleged victims in immediate apprehension of bodily harm. 3 Kan. App. 2d at 273-75.

Did the criminal damage to property counts in the information upon which Zapata was tried allege each of the elements of that offense? Again, the answer is "no."

The first of the three criminal damage to property counts upon which Zapata was tried and convicted was set forth in the information as follows:

"GENARO T. ZAPATA did . . . unlawfully, feloniously and willfully, damage . . . property; to-wit: the premises of 1006 East 8th, Topeka, Kansas, . . . in which another; to-wit: Jo Ellen Rodriquez, has interest, without

the consent of the said other person . . . contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of Kansas."

The other two criminal damage to property counts upon which Zapata was tried and convicted were identical except that Judith L. Rodriquez and Willie J. Moore were the identified victims.

K.S.A. 21-3720 (Weeks) defines the crime of criminal damage to property as follows:

"(1) Criminal damage to property is by means other than by fire or explosive:

"(a) Willfully . . . damaging . . . property in which another has an interest without the consent of such other person."

K.S.A. 21-3718 defines the crime of arson as follows:

"(1) Arson is knowingly, by means of fire or explosive:

"(a) Damaging any . . . property in which another person has any interest without the consent of such other person."

For present purposes, the sole distinction between the two statutory offenses is that arson proscribes knowingly damaging another person's property *by means of fire or explosive* and criminal damage to property proscribes willfully damaging another person's property *by means other than by fire or explosive*. Inasmuch as K.S.A. 21-3201(2) provides that "as used in this code, the terms 'knowing,' 'intentional,' 'purposeful,' and 'on purpose' are included within the term 'willful,'" the practical distinction between arson and criminal damage now to be drawn is the difference in the means employed to bring about property damage. That damage was brought about by means other than by fire or explosive is an essential element of criminal damage to property that must be alleged to sufficiently charge the offense.

We are convinced and hold that the counts charging Zapata committed the offense of criminal damage to property are fatally flawed and that Zapata's convictions on those counts therefore are void. The said three counts wholly fail to allege the means employed or as a result of which the individual victims' property was damaged. The means employed, that is, "other than by fire or explosive," is an essential element of the offense of criminal damage to property. Were that not so, the utilized allegations wholly fail to inform the defendant whether he is charged with criminal damage to property or arson. The allegations neither

directly nor impliedly inform the reader as to the offense charged. The allegations utilized equally describe, or fail to describe, criminal damage to property and arson. That cannot be sufficient. None of these counts charges a statutory offense.

It needs to be observed that the State has neither filed a brief nor otherwise appeared in this appeal. That demonstrates to us not only a lack of interest but also a material lack of confidence in the aggravated assault and criminal damage to property convictions obtained. See *Cain Shoes, Inc. v. Gunn*, 194 Kan. 381, 384, 399 P.2d 831 (1965).

The possibility of impropriety as to Zapata's theft conviction is not a subject that has been raised for our review.

Because of our disposition of this appeal, it is unnecessary to address Zapata's contention of trial court abuse of discretion in sentencing.

Zapata's aggravated assault and criminal damage to property convictions are vacated and set aside. This case is remanded to the trial court with directions to order Zapata to be discharged as to the convictions entered in Shawnee County District Court case No. 30327.