(36 P.3d 334)

No. 84,351

STATE OF KANSAS, *Appellee*, v. GEORGE MCGREW, *Appellant*.

Opinion filed December 7, 2001.

*Randall L. Hodgkinson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

No appearance by appellee.

Before ELLIOTT, P.J., BEIER, J., and PADDOCK, S.J.

ELLIOTT, J.: George McGrew appeals his convictions of possession of cocaine with intent to sell after two prior convictions and criminal acquisition of drug proceeds; he also appeals the sentences on both counts.

We affirm in part and reverse in part.

The State failed to file a brief.

McGrew was sentenced to 154 months' imprisonment on the possession with intent to sell count and a concurrent term of 10 months on the criminal acquisition of drug proceeds count.

McGrew first claims the jury instruction defining "possession" impermissibly shifted the burden of proof to him, violating his due process rights with respect to the possession with intent to sell count. This contention was not made to the trial court; thus, our review is for clear error. See K.S.A. 60-251(b). McGrew did object to the instruction but on different grounds than raised now on appeal.

The challenged instruction reads:

" 'Possession' means, 'having control over a place or thing with knowledge of, and the intent to have, such control.' The proof of the possession of any amount of a controlled substance is sufficient to sustain a conviction, even though the amount may not be measurable or usable. The state, however, must still prove the existence of a controlled substance.

"You may infer possession from a person's use of illegal drugs and narcotics, his proximity to the area where the drugs are found, whether the drugs are in plain view, and suspicious behavior.

"Possession may be immediate and exclusive, jointly held with another, or constructive. 'Constructive possession' is knowingly having both the power and the intention, at a given time, to exercise dominion or control over the property. 'Joint possession' occurs when two or more persons, who have the power or control and intent to manage property, exercise the same jointly."

A brief from the State would have been helpful. Nevertheless, well after appellant's brief was filed, in *State v. Alvarez*, 29 Kan. App. 2d 368, 28 P.3d 404, *rev. denied* 272 Kan. 1419 (2001), we considered and rejected the same argument made against the same instruction given by the same trial judge. McGrew's argument has no merit.

McGrew also challenges the sufficiency of the evidence supporting his conviction of criminal acquisition of drug proceeds. Our standard of review is as stated in *State v. Mason*, 268 Kan. 37, 39, 986 P.2d 387 (1999), and a conviction of even the gravest offense may be sustained by circumstantial evidence. *State v. Smith*, 268 Kan. 222, 236, 993 P.2d 1213 (1999).

In order to be convicted under K.S.A. 2000 Supp. 65-4142, a defendant must acquire or receive proceeds known to be derived from a violation of the Uniform Controlled Substances Act. The verb phrase "known to be derived from a violation of the uniform controlled substances act," indicates the proceeds, *before* the offender acquires or receives them, must have been derived from a violation of the Act, and the offender must know of that fact.

As the title to the Act section from which K.S.A. 2000 Supp. 65-4142 is taken indicates, this is a money laundering statute. See Uniform Controlled Substances Act, 9 U.L.A. 547 § 412 (1994) (entitled "Money Laundering and Illegal Investment; Penalty"). The official comment to the section explains this "section makes it unlawful . . . [to] acquire . . . finances or assets that are actually *known to have been derived* from or are intended to further narcotics trafficking." The emphasized text is grammatically stated in the past tense. Thus, in the present case, the money itself, *before* McGrew's acquisition or receipt of it, must have been derived from a violation of the Act, and he must have known that fact.

Mere receipt or acquisition of money or other proceeds from the sale of a·controlled substance will not support a charge under K.S.A. 2000 Supp. 65-4142 *provided* the money given the seller in exchange for the controlled substance was itself not a proceed derived in violation of the Act, or if it was, the seller did not actually know of that fact.

In the present case, there is simply no circumstantial evidence viewed in a light most favorable to the State to support the inference that the money found on McGrew's person was received or acquired by him in Geary County on the date charged and that McGrew knew the money had been derived in violation of the Act. In fact, the State charged McGrew with possession with intent to sell and not the actual sale of cocaine.

There is no circumstantial evidence of where the money found on McGrew came from. There is no circumstantial evidence of when or where McGrew received or acquired the "proceeds"— only that he possessed the alleged proceeds on the date charged. Even if McGrew received or acquired that money from selling cocaine and did so on the date charged in Geary County, there is

no circumstantial evidence that the *buyer had derived the money from a violation of the Act*.

The evidence was simply insufficient to support McGrew's conviction for criminal acquisition of drug proceeds; that conviction is reversed.

We recognize our holding conflicts conceptually with another panel's decision in *State v. Betz*, 29 Kan. App. 2d 575, 30 P.3d 1037 (2001). The *Betz* panel held a violation of K.S.A. 65-4142 and sale of drugs under K.S.A. 65-4161 were multiplicitous and set aside the conviction for criminal acquisition of drug proceeds.

We do not feel the two charges in the present case are multiplicitous. Here, the State simply failed to establish the separate facts necessary to support a conviction of criminal acquisition of drug proceeds. It is obvious to us the State cannot charge sale of a controlled substance or possession with intent to sell and criminal acquisition of drug proceeds based on the same, single transaction. Thus, the legislature could not have intended K.S.A. 2000 Supp. 65-4142 to apply to a single transaction like the one at bar.

For a conviction of the money laundering statute, K.S.A. 65-4142, one other than defendant must first derive proceeds from a violation of the Act, then those proceeds must be received or acquired by defendant in another transaction.

McGrew also claims the trial court erred in sentencing him for a felony for criminal acquisition of drug proceeds. Since we have reversed his conviction on that count, we need not address the issue.

Finally, McGrew claims the sentence enhancement for possession of cocaine with intent to sell violated the rulings of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The first time a defendant is convicted of the crime here involved, it is a severity level 3 drug felony. K.S.A. 2000 Supp. 65-4161(a). Since this was McGrew's third conviction, the crime became a severity level 1 drug felony. K.S.A. 2000 Supp. 65-4161(c).

McGrew contends, under *Apprendi*, the fact of his prior two convictions must be submitted to a jury and proved beyond a reasonable doubt. This issue was not raised in the trial court; we do not consider an issue not raised below. See, *e.g., State v. Shears*,

260 Kan. 823, 837, 925 P.2d 1136 (1996). Further, under the facts of this case, McGrew's sentence was a presumptive sentence. We have no jurisdiction to consider an appeal from a presumptive sentence. K.S.A. 21-4721(c)(1); *State v. Flores*, 268 Kan. 657, 659, 999 P.2d 919 (2000).

We lack jurisdiction to consider McGrew's presumptive sentence for possession of cocaine with intent to sell.

Finally, we must comment on the State's failure to file a brief to present its position on this appeal. This case involves convictions of severity level 1 and severity level 4 drug felonies and raises some complex issues of first impression. The State's failure to file a brief demonstrates, at the least, a lack of interest and also a lack of confidence in the convictions and sentences obtained. See *Seaton v. State*, 27 Kan. App. 2d 104, 105, 998 P.2d 131 (2000); *Zapata v. State*, 14 Kan. App. 2d 94, 99, 782 P.2d 1251 (1989). The prosecutor's office should demonstrate its obligation to represent the interests of the public.

We have recently admonished the State for filing an *inadequate* brief. See *Cellier v. State*, 28 Kan. App. 2d 508, 523, 18 P.3d 259 (2001) (citing *State v. Law*, 203 Kan. 89, 92-93, 452 P.2d 862 (1969). Here, our admonishment to the State for failing to file a brief altogether is even stronger.

We affirm the conviction of possession of cocaine with intent to sell and reverse the conviction of unlawful acquisition of drug proceeds; we do not reach the sentencing issues raised with respect to the sentences imposed.

Affirmed in part and reversed in part.