NOT DESIGNATED FOR PUBLICATION

No. 119,988

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BOBBY L. MAZE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed November 8, 2019. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BRUNS, J., and WALKER, S.J.

PER CURIAM:  Bobby Maze appeals from the trial court's denial of his K.S.A. 60-1507 motion that was treated like a postsentence motion to withdraw his plea. The trial court ruled that Maze's trial counsel was not ineffective by failing to investigate alibi witnesses. Because the testimony at the evidentiary hearing supports the trial court's findings that the attorney did conduct an investigation but that Maze's witnesses did not provide any useful information, we affirm.

1

In April 2016, the State charged Maze with burglary, a severity level 7 person felony, and attempted theft, a class B misdemeanor. The State had two eyewitnesses who saw the burglary in progress and identified Maze as the man they saw. In June 2016, a hearing was set for Maze to plead guilty, but Maze "didn't want to plead to something [he] didn't do."

In August 2016, in accordance with the terms of a plea agreement, Maze pled guilty as charged. The State agreed to recommend a durational departure to 12 months in prison for the burglary and to recommend that the counts be served concurrently. Before accepting the plea, the trial court told Maze about his constitutional rights he was waiving by pleading guilty, including the right to subpoena witnesses. Maze acknowledged that he understood the rights he was waiving. He also signed an acknowledgment of rights form. The court asked Maze a number of questions including if he was satisfied with the services of his attorney. He stated that he was satisfied with his attorney. The court recited a factual basis for the plea. Maze affirmed that the facts were true.

In September 2016, the court denied Maze's motion for a durational departure but sentenced him to the low number in the grid box for the burglary charge, which was 19 months in prison, and 6 months in jail for the attempted theft, with the counts to be served concurrently. Maze did not appeal.

In August 2017, Maze moved under K.S.A. 60-1507. He contended that his trial counsel was ineffective. The court held an evidentiary hearing where Maze testified that he was innocent. He further testified he told his attorney, Steve Rupert, that he was innocent, but that Rupert told him to plead guilty anyway.

Maze testified he gave Rupert the names of seven witnesses. He also gave Rupert the name of the man who stole his truck and who actually committed the crimes: Shane Smith. Rupert told Maze that he talked to Smith, but that Smith denied committing the

2

crimes and denied even knowing Maze. Maze testified two of the witnesses were alibi witnesses because they were with him the entire night—his girlfriend, Lindsay Black, and her daughter, Christina Black. The other five witnesses supposedly also saw him that night, but Maze did not specify who those witnesses were at the hearing. Rupert told Maze that he talked to Lindsay.

Maze admitted that he did not tell the plea hearing judge he was innocent, that he acknowledged that he was not forced to enter a plea, and that he now regretted the decision. Maze testified that he now wanted to withdraw his plea.

Rupert testified that in his first meeting with Maze, Maze stated that he wanted to plead to probation. Maze also stated that he was innocent and gave Rupert the names of two witnesses: Shane Smith and Rachel Gash. Maze told him that Rachel was the person who had legal authority to access the house. Maze also stated that he believed Smith stole his truck, that Smith assumed Maze's identity, that Smith broke into the house, and that two eyewitnesses misidentified him. Rupert testified that the charges in this case were based on a different incident where Maze was seen at the house.

Rupert talked to Smith and Rachel, but they did not provide any information that was helpful to Maze's case. Rachel stated that Maze had helped her move out of the house on a previous occasion, but that she did not give him permission to go back inside the house on a second occasion. Smith stated that he did not know Maze. Rupert had his investigator talk to the eyewitnesses who saw the burglary in progress: Sandy Wong and Jimmy Burke. Although the eyewitnesses had initially wavered in their identification of Maze, when the investigator talked to them they were "completely certain" that Maze was the man they saw. The investigator also interviewed the owner of the house, Karen Dodds, but she was out of town when the burglary happened. Dodds asked Wong, her neighbor, to keep an eye on the house. When Wong saw a pickup in front of the house

3

that looked suspicious, she went over and saw Maze in the house. Rupert personally spoke to Lindsay, but she only told him how to get in touch with Smith.

Rupert did not investigate Lindsay or Christina as alibi witnesses. To his knowledge, Lindsay was just Maze's girlfriend. He only investigated Rachel as an alibi witness. Rupert testified that Maze had hoped Rachel would either corroborate that he was never at the house or say that he was there with her permission. But she did neither.

Rupert testified that he candidly shared this information with Maze. He gave Maze copies of the police reports. He told Maze that the eyewitnesses had doubled down on their identification of him. The eyewitnesses did not know each other but had separately picked Maze out of a lineup. Rupert recommended a plea. But he never told Maze he had to plead guilty whether he was guilty or not. He went over the plea and acknowledgment of rights with Maze "in great detail" until Maze was comfortable.

Rupert further testified that after Maze backed out of the plea in June 2016, Maze told him he wanted to proceed to trial because the eyewitnesses were lying. In August 2016, the day before the preliminary hearing was set, they again discussed a plea. At that point, Maze wanted to plead guilty because he did not want to risk getting charged with aggravated burglary. The next day, Maze pled guilty.

The trial court denied Maze's motion. The court found that although there may have been confusion regarding whether Lindsay was an alibi witness, Rupert did have a conversation with her and she would have told him if she could have provided an alibi. Lindsay did not provide any helpful information. The court further found that Rupert had relayed to Maze what Lindsay had told him. The court also found that Rupert investigated and made a reasonable determination that Smith and Rachel had no information that would benefit Maze. The court thus found there was insufficient evidence that Rupert's representation fell below an objective standard of reasonableness.

4

Rupert had an obligation to advise Maze that his witnesses were not providing useful information, to tell Maze that the eyewitnesses were not backing off their identification of him, and to advise Maze what would likely happen if the case proceeded to trial.

The court found that Maze had made an informed decision to plead guilty after Rupert gave him all the pertinent information. Maze was not pressured to enter a plea, rather the plea offer was on the table for months. The court further found that Maze could have proceeded to trial and called his witnesses to testify, but Maze made a strategic decision to take advantage of the plea bargain because he did not want to risk the State amending the charge to aggravated burglary. The court also noted that during the plea hearing, Maze did not assert his innocence and did not appear to have any hesitation. Moreover, at sentencing, Maze seemed to acknowledge he was guilty.

Maze timely appeals.

On appeal, both parties frame the trial court's rejection of Maze's K.S.A. 60-1507 motion as a denial of a motion to withdraw a postsentence plea based on a claim of ineffective assistance of counsel.

"To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2018 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a trial court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018).

"A defendant filing a postsentence motion to withdraw plea under K.S.A. 22-3210(d) that alleges ineffective assistance of counsel due to deficient performance must meet constitutional standards to demonstrate manifest injustice." *State v. Bricker*, 292 Kan. 239, 245, 252 P.3d 118 (2011). To demonstrate manifest injustice that would

5

warrant setting aside a plea based on ineffective assistance of counsel, the defendant must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *State v. Kelly*, 298 Kan. 965, 969-70, 318 P.3d 987 (2014). The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. 298 Kan. at 970.

Counsel has a duty to make reasonable investigations. *State v. Butler*, 307 Kan. 831, 854, 416 P.3d 116 (2018). Failure by counsel to investigate a potential alibi defense can amount to ineffective assistance of counsel. *Shumway v. State*, 48 Kan. App. 2d 490, 499, 293 P.3d 772 (2013); *State v. James*, 31 Kan. App. 2d 548, 553-55, 67 P.3d 857 (2003) (attorney was ineffective by failing to contact or subpoena defendant's alibi witnesses); *State v. Sanford*, 24 Kan. App. 2d 518, 522-23, 948 P.2d 1135 (1997) (attorney was ineffective by failing to investigate or contact alibi witnesses).

Maze contends that his trial counsel's performance fell below an objective standard of reasonableness by failing to investigate his alibi defense. He contends that he would have gone to trial if the alibi witnesses were set to testify, given the weaknesses in the State's case.

When the trial court conducts an evidentiary hearing on claims of ineffective assistance of counsel, appellate courts review the trial court's factual findings using a substantial competent evidence standard. We review the trial court's legal conclusions based on those facts applying a de novo standard of review. *Butler*, 307 Kan. at 853. We cannot reweigh evidence or redetermine the credibility of witnesses. 307 Kan. at 855 (declining invitation to reweigh the credibility of witnesses when the trial court found that the attorney was not made aware of a potential alibi defense prior to trial).

6

Here, the trial court's factual findings were supported by substantial competent evidence. Rupert testified he spoke with Lindsay. He did not specifically investigate Lindsay as an alibi witness because to his knowledge Lindsay was not an alibi witness, she was just Maze's girlfriend. Rather, Maze had given him Rachel's name as a potential alibi witness. Rupert spoke with Rachel, but Rachel did not provide an alibi for Maze. Rachel did not provide any useful information for the defense. Rupert spoke with Smith, but Smith denied committing the crime. Rupert also had his investigator speak with the eyewitnesses and the eyewitnesses were resolute on their identification of Maze as the burglar. Maze confirmed that Rupert discussed these conversations with him. Moreover, at the plea hearing, Maze specifically told the trial court that he was satisfied with the services of his attorney and that there was a factual basis for the plea.

Maze has not shown that Rupert's representation fell below an objective standard of reasonableness. This court cannot reweigh the credibility of Maze and Rupert. Rupert talked to Maze's witnesses. He investigated the alibi that Maze proffered at that time. His investigator talked to the eyewitnesses. He told Maze that his witnesses did not provide helpful information and that the eyewitnesses were confident in their identification of him. Maze pled guilty because he did not want the State to amend the charge to aggravated burglary. He later regretted it. Maze has not shown that his counsel failed to investigate or was otherwise ineffective to warrant withdrawal of his guilty plea.

Affirmed.