NOT DESIGNATED FOR PUBLICATION

No. 122,033

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BENITO CARDENAS JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Ness District Court, BRUCE T. GATTERMAN, judge. Opinion filed March 5, 2021.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., SCHROEDER, J. and WALKER, S.J.


PER CURIAM: Benito Cardenas Jr. appeals the district court's summary denial of
his K.S.A. 2020 Supp. 60-1507 motion. He contends that the district court erred by not
holding an evidentiary hearing on his claim that his trial counsel was ineffective for
failing to use an expert witness. Because the record conclusively shows no need for an
evidentiary hearing, we affirm.

1

*Factual and Procedural Background*

In 2012, a jury convicted Cardenas of rape and aggravated criminal sodomy of a seven-year-old child, C.B. The district court sentenced Cardenas to concurrent life sentences, requiring him to serve a minimum term of 25 years without the possibility of parole under Jessica's Law. Cardenas appealed, arguing among other things that his conviction was not supported by sufficient evidence. *State v. Cardenas*, No. 109,973, 2016 WL 1274131, at *1 (Kan. App. 2016) (unpublished opinion). The panel reviewed the facts presented at trial. Those facts included the testimony of the victim, of Cardenas, of Cardenas' girlfriend, a videotaped forensic interview of C.B., the results of a sexual assault examination, and a videotaped deposition of the State's expert witness, "who apparently testified that C.B.'s hesitancies and inconsistencies in details were not uncommon under these circumstances." 2016 WL 1274131, at *2. Rather than call an expert witness, Defense counsel cross-examined the State's interviewer, Kelly Robbins, and emphasized during closing argument the issues with her interview with the victim. See *Cardenas*, 2016 WL 1274131, at *4 (finding defense counsel "brought to light during trial and emphasized in his closing argument" "any discrepancies and weaknesses in the State's evidence.").

In finding sufficient evidence to support Cardenas' conviction, the panel distinguished *State v. Matlock*, 233 Kan. 1, 660 P.2d 945 (1983), which had found the uncorroborated testimony of the victim so unbelievable that it could not sustain the conviction:

> "In addition to its limited precedential value, we find *Matlock* 's aberrant review also has no place here because the case at bar is substantially distinguishable. In *Matlock,* the accuser was 22 years old, had delayed for a year in reporting she had been raped by her stepfather, and admitted her propensity to lie. Here, C.B. was 7 years old at the time of the incident, there was a delay of 1-2 days in reporting, her forensic interview was videotaped just over 1 week later, and the physical examination was

conducted 10 days after the alleged rape and sodomy. The trial was not held until nearly 2 years later when C.B. was still only 9 years old. The inconsistencies and hesitancies between her original interview, which the jury had the opportunity to view, and her trial testimony were described by an expert witness as being common in such circumstances. The record discloses no admission of nor any evidence suggesting C.B. had any propensity to lie or any motive to do so." 2016 WL 1274131, at *3.

The panel found sufficient evidence to support Cardenas' convictions, denied each of Cardenas' claims, and affirmed his convictions and sentence.

*K.S.A. 60-1507 Proceedings*

After our panel denied his direct appeal, Cardenas filed a timely pro se K.S.A. 60-1507 motion. In it, Cardenas again challenged the sufficiency and reliability of the evidence presented during his trial and made several ineffective assistance of counsel claims against his trial counsel—Steve Cott. In one claim, Cardenas alleged that Cott failed to timely file the report of his retained expert, Dr. Kathie Nichols, and thus lost the ability to use her expert opinion as a part of his defense at trial. Cardenas also argued that the State's expert witness, Kelly Robbins, had conducted an improper forensic interview with C.B. that led to false allegations against him.

The district court appointed counsel for Cardenas and later entered an agreed order allowing Cardenas to supplement his petition. In his supplemental motion, Cardenas raised three ineffective assistance of counsel claims not included in his original motion. But the district court dismissed those claims as time barred, and Cardenas does not argue those issues on appeal.

After dismissing several of Cardenas' claims as untimely or improperly raised, the district court summarily denied Cardenas' remaining claims. The district court found that Cott's handling of Nichols' report was not deficient because the record established that

3

Cott had made a strategic decision not to use that report at trial. The district court found that although Cott was untimely in filing his notice of intent to use Nichols as an expert witness, Cott's untimeliness did not preclude him from using her as an expert. Instead, the court had granted Cott a ten-day extension to submit her expert report to the State based on Cott's argument that he needed time to consider whether he wanted to rely on Nichols' expert opinion. The district court emphasized that when requesting the continuance, Cott had stated, "I am just not sure what good [her report] is to me at this point." Although the record did not show that Cott ever notified the district court or the State that he no longer intended to rely on Nichols' expert opinion at trial, the district court found that Cott must have made that decision based on his statements that he had reviewed the content of the report and questioned its usefulness.

The district court also found that Cardenas failed to show prejudice from Cott's actions or inaction. Cardenas did not disclose the contents of Nichols' report or show that it would have made a difference at trial. Alternatively, the district court found that Cott effectively cross-examined Robbins about her "alleged failures in conducting a forensic evaluation," sufficient to expose any defects in her expert testimony.

Cardenas timely appeals, asking us to reverse the district court's denial of his K.S.A. 60-1507 motion and remand for an evidentiary hearing on his claim that Cott was ineffective in handling Nichols' report and testimony.

*Standard of Review and Basic Legal Principles*

When the trial court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). "'A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more

4

than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record.'" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

To succeed on an ineffective assistance of counsel claim, as Cardenas alleges, a criminal defendant must prove (1) that defense counsel's performance was deficient under the totality of the circumstances, and (2) that defense counsel's deficient performance prejudiced the defendant. *Sola-Morales*, 300 Kan. at 882-83 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). To establish prejudice, the defendant must show a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. Reasonable probability means a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

Judicial scrutiny of counsel's performance is highly deferential, and this court must eliminate the distorting effects of hindsight, reconstruct the circumstances of counsel's challenged conduct, and evaluate the conduct from counsel's perspective at the time. *State v. Cheatham*, 296 Kan. 417, 431-32, 292 P.3d 318 (2013). We must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

Generally, it is "'within the province of a lawyer to decide what witnesses to call, whether and how to conduct cross-examination, and other strategic and tactical decisions.'" *Sola-Morales*, 300 Kan. at 887 (quoting *Thompson v. State*, 293 Kan. 704, 716, 270 P.3d 1089 [2011]). On issues of trial strategy such as whether to call a particular witness, we must give great deference to the informed decisions of the attorney who actually tried the case. See *State v. Ward*, 227 Kan. 663, Syl. ¶ 1, 608 P.2d 1351 (1980); *State v. Lewis*, 33 Kan. App. 2d 634, 648, 111 P.3d 636 (2003).

Strategic choices made after a thorough investigation of the law and facts, including how to conduct cross-examination, what motions to make, and all other strategic and tactical decisions are the "'exclusive province'" of counsel and are "'"virtually unchallengeable."'" *State v. Johnson*, 304 Kan. 924, 951-52, 376 P.3d 70 (2016); see *Edgar v. State*, 294 Kan. 828, 838, 283 P.3d 152 (2012). It is the defendant's burden to show defense counsel's alleged deficiencies do not result from trial strategy. *Johnson*, 304 Kan. at 952. Cardenas fails to meet that burden here.

*Cardenas fails to show that Cott's performance was deficient.*

The first prong of the *Strickland* test requires us to determine whether the defendant's trial counsel's representation fell below an objective standard of reasonableness—that is, whether a reasonable attorney could have acted as the defense attorney acted under the circumstances. *State v. Coones*, 301 Kan. 64, 70, 339 P.3d 375 (2014).

Cardenas argues only one issue on appeal—that Cott's failure to use an expert was deficient performance. As Cardenas recognizes, there is no bright-line rule that a defense attorney must always present expert testimony on child interview techniques in sexual abuse cases. See *Harrington v. Richter*, 562 U.S. 86, 111, 131 S. Ct. 770, 791, 178 L. Ed. 2d 624 (2011) ("*Strickland* does not enact Newton's third law for the presentation of evidence, requiring for every prosecution expert an equal and opposite expert from the defense. In many instances cross-examination will be sufficient to expose defects in an expert's presentation.").

Still, Cardenas stresses the importance of expert testimony on child interviewing techniques in cases alleging sexual abuse. Our court has done the same. See, e.g., *State v. Huntley*, 39 Kan. App. 2d 180, 189, 177 P.3d 1001 (2008) (expert testimony "could be critical to the defense in such cases"); *Mullins v. State*, 30 Kan. App. 2d 711, 717, 46

6

P.3d 1222 (2002) ("Had trial counsel procured the services of an expert regarding proper interview techniques, the jury would have been presented with relatively strong evidence to potentially undermine the allegations of abuse").

Although expert testimony in such cases could be critical, we do not have a copy of Nichols' expert report so we cannot determine its importance in this case. Cott, who retained the expert and reviewed her report, told the court of his concern that her report did not help his defense and then decided not to use her. And Cardenas, who bears the burden here, establishes no facts suggesting that Nichols' testimony would have helped him. Because Cardenas fails to provide more than a conclusory claim, the district court properly denied his request for an evidentiary hearing. See *Swenson v. State*, 284 Kan. 931, 938, 169 P.3d 298 (2007) (requiring an evidentiary basis before requiring an evidentiary hearing).

Both the parties and the district court focus on the district court's pretrial hearing that considered the parties' motions about expert testimony. Cott had filed a notice of intent to use Dr. Kathie Nichols, a clinical psychologist, and the State responded by moving to limit Nichols' testimony as the court did in *State v. Wells*, 289 Kan. 1219, 1246-47, 221 P.3d 561 (2009) (affirming a district court's decision to limit Nichols' testimony by partially precluding her from attacking the use of "Finding Words"). Robbins had used that same "Finding Words" technique in her forensic interview with C.B. The State also alleged that Cott had said he had not obtained a report from Nichols and was unsure she would generate a report.

Cott refuted that assertion at the motions hearing, telling the district court that he had received a report from Nichols but had "not decided what to do with it." He requested a ten-day continuance to decide whether to use it. Cott argued he needed time to consider the report: "I am just not sure what good it is to me at this point." Cott offered to send a

copy of Nichols' report to the State if he decided to present her expert opinion at trial and he offered to inform the court if he decided not to use her report.

The district court asked Cott what Nichols' trial testimony would include and whether Cott would seek another expert if he decided not to use her. Cott explained that Nichols would discuss the "problems or inconsistencies" in the interview techniques used on C.B. but would not attack C.B.'s credibility. Cott said that Nichols' testimony would include an evaluation of C.B.'s forensic interview to determine whether Robbins' technique violated interview norms and if it did, how Robbins' errors could have affected C.B.'s account of the events. And Cott told the court he would not retain another expert if he decided not to use Nichols.

Based on this information, the district court granted Cott's motion for a continuance without objection from the State: "Okay. So, Mr. Cott, you're going to evaluate defense strategy and within ten days if you plan to use your expert you'll submit that written testimony or written report to [the State]." Cott never gave the State a copy of Nichols' report, and the district court thus never ruled on the State's motion to limit her testimony. Cott did not use an expert at trial.

This record shows that Cott reviewed Robbins' forensic interview with C.B. and retained Nichols as an expert. He asked her to discuss the "problems or inconsistencies" in Robbins' interview techniques used on C.B. Cott obtained the expert report from Nichols and reviewed it. He then asked for and received a ten-day continuance so he could decide whether to use it. He told the court he was not sure the expert report helped him. The trial court immediately found Cott's request for a continuance was for the purpose of evaluating defense strategy. "[T]he trial court, which observed counsel's performance and was aware of the trial strategy involved, is in a much better position to consider counsel's competence than an appellate court . . . [and] should be the first to make a determination of such an issue." *State v. Van Cleave*, 239 Kan. 117, 119, 716 P.2d

580 (1986). The K.S.A. 60-1507 judge also found Cott's performance was not deficient, based on the record of the motions hearing.

We find no error in the courts' reliance on Cott's statements of fact established in the record of the pretrial motions hearing. As an attorney, Cott is an officer of the court. See Supreme Court Rule 202 (2020 Kan. S. Ct. R. 233) (license to practice law is a proclamation by the Supreme Court that the holder is fit to be an officer of the court). And as an attorney, Cott has a duty of candor to the court, which is a cornerstone of the integrity of the judicial process. KRPC 3.3, which governs an attorney's ethical duty of candor to the court, states that lawyers may not "knowingly" make a "false statement of fact or law" or fail to correct their previous material false statements. (2020 Kan. S. Ct. R. 353). So even though Cott was not testifying under oath during the motions hearing, he made direct representations to the court that the court could and should rely on as being true.

Cardenas' request for an evidentiary hearing on this K.S.A. 60-1507 motion states that he and his sister would testify. But Cardenas has not suggested what their testimony would be or how their testimony could counter or impeach what Cott, as an officer of the court, represented to the court during the motions hearing.

The evidence of record shows that Cott, after investigating whether to use an expert, and reading his retained expert's report related to the facts here, made an informed decision not to use an expert. That decision was strategic. See *State v. James*, 31 Kan. App. 2d 548, 554, 67 P.3d 857 (2003) ("calling witnesses is generally a matter of trial strategy"). Our appellate courts have denied similar claims when an appellant argues his or her attorney was ineffective for failing to present an expert witness on child-interviewing techniques. See, e.g., *Lewis v. State*, 33 Kan. App. 2d 634, 646, 648, 111 P.3d 636 (2003); *State v. Shives*, No. 108,773, 2015 WL 8588828, *12-14 (Kan. App.

2015) (unpublished opinion); *Bejarano v. State*, No. 112,370, 2015 WL 6444250, at *8-9 (Kan. App. 2015) (unpublished opinion).

If any deficiencies existed in Cott's performance, it was Cardenas' burden to show they did not result from trial strategy.

"Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight. . . . Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' [Citation omitted.]" *Strickland*, 466 U.S. at 689.

"In general, the defendant bears the burden of demonstrating that trial counsel's alleged deficiencies were not the result of strategy. *Rice*, 261 Kan. 567, 932 P.2d 981; *State v. Goswick,* 142 Ariz. 582, 586, 691 P.2d 673 (1984) (burden rests with the defendant to 'show that counsel's decision was not a tactical one but, rather, revealed ineptitude, inexperience, or lack of preparation'); LaFave, 3 Criminal Procedure § 11.10(c) (2d ed. 1999) ('Since *Strickland* starts with an assumption of competency, it places upon the defendant the burden of showing that counsel's action or inaction was not based on a valid strategic choice.')." *Ferguson v. State*, 276 Kan. 428, 446, 78 P.3d 40 (2003), *as modified* (Nov. 12, 2003).

Cardenas proffered no evidence to challenge the effectiveness of Cott's decision not to use an expert at trial. He has thus failed to show that Cott's actions or inactions were not based on a valid strategic choice. We find it unnecessary to reach the State's argument that Cardenas also fails to meet the prejudice prong of the *Strickland* analysis.

The district court properly denied Cardenas' K.S.A. 60-1507 motion without an evidentiary hearing.

10

Affirmed.